IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COSONDRA TAYLOR-MCBRIDE, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO: _____ ) |
| ARTHUR PARKER, III, an individual, and MID SOUTH FLOOR SYSTEMS, INC., a corporation, | ) ) JURY DEMAND ) ) |
| Defendants. | ) ) |

## COMPLAINT

1. Plaintiff Cosondra Faye Taylor-McBride is over nineteen years of age, a resident of Jefferson County, Alabama and a citizen of the State of Alabama (hereinafter "Plaintiff Taylor-McBride").

2. Defendant Arthur Parker, III (hereinafter referred to as "Defendant Parker") is over nineteen years of age, a resident of Cobb County, Georgia, and a citizen of the State of Georgia.

3. Defendant Mid South Floor Systems, Inc. (hereinafter referred to as "Defendant Mid South") is a Mississippi corporation, incorporated only in the State of Mississippi, with its principal place of business in DeSoto County, Mississippi. Defendant Mid South is engaged in interstate transportation and trucking and was the employer of a driver who was operating a commercial vehicle

arising out of and in the course of business of Defendant Mid South. Therefore, for purposes of diversity of citizenship, Defendant Mid South is a citizen of Mississippi.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

5. Venue is proper as the wreck occurred in Jefferson County, Alabama, which is located in the Southern Division of the Northern District of Alabama.

## COUNT I – NEGLIGENCE

6. Plaintiff Taylor-McBride re-asserts, re-alleges, and incorporates paragraphs 1 through 5 as if set out herein in full.

7. On or about September 9, 2015, Plaintiff Taylor-McBride and Defendant Parker were both traveling south on Interstate 59 merging onto Interstate 65. Defendant Parker was occupying the far left lane and Plaintiff Taylor-McBride in the lane to his immediate right. At said time and place, Defendant Parker, who was acting in the line and scope of his duties for his employer Defendant Mid South, merged into Plaintiff Taylor-McBride' lane of travel striking Plaintiff Taylor-McBride' vehicle. The impact caused Plaintiff Taylor-McBride's vehicle to spin across the interstate and strike a third car before coming to a rest in the ditch.

8. At said time and place, Defendant Parker was operating a tractor-trailer owned by his employer, Defendant Mid South, with the company's consent and knowledge and under the authority given by Defendant Mid South.

9. At said time and place, Defendant Parker was acting in the course and scope of his employment with Defendant Mid South and in furtherance of the business of Defendant Mid South.

10. Plaintiff Taylor-McBride contends that Defendant Parker had a duty to operate his motor vehicle in a safe manner consistent with the rules of the road of Alabama.

11. Plaintiff Taylor-McBride contends that Defendant Parker breached said duty by failing to operate his motor vehicle in a safe manner and by failing to keep a proper lookout for other vehicles before changing lanes. At the aforesaid time and place, Defendant Parker operated the vehicle individually and while in the furtherance of the business of or while on errand or mission for Defendant Mid South. Because Defendant Parker was in the line and scope of his employment with Defendant Mid South at the time of the wreck, under *respondeat superior*, Defendant Mid South is liable as well.

12. As a direct and proximate result of Defendant Parker's negligent conduct, Plaintiff Taylor-McBride suffered injuries to her head, neck, back and chest, as well as bruises and contusions about her body. She was also permanently

injured, suffered great pain of body and mind, incurred lost wages, property damage, and significant expenses for medical treatment, and will incur future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Taylor-McBride demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury plus costs.

### COUNT II - WANTONNESS

13. Plaintiff Taylor-McBride re-asserts, re-alleges and incorporates by reference paragraphs 1 through 12 as if set out herein in full.

14. Plaintiff Taylor-McBride maintains that the conduct of Defendant Parker, individually and while in the furtherance of business of or while on an errand or mission for Defendant Mid South, rose to the level of wantonness in that Defendant Parker acted with a reckless or conscious disregard of the rights and safety of others because he knew or should have known that his conduct would likely cause injuries to Plaintiff Taylor-McBride and others.

15. As a direct and proximate result of Defendant Parker's wanton conduct, Plaintiff Taylor-McBride suffered permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Taylor-McBride demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendants, jointly and severally, for punitive damages in an amount to be determined by a jury plus costs.

## COUNT III - NEGLIGENT & WANTON ENTRUSTMENT

16. Plaintiff Taylor-McBride re-asserts, re-alleges and incorporates by reference paragraphs 1 through 15 as if set out herein in full.

17. Plaintiff states that on or about September 9, 2015, Defendant Mid South negligently and/or wantonly entrusted a vehicle to its employee, Defendant Parker.

18. Plaintiff avers that Defendant Parker's negligent and/or wanton conduct in the operation of said entrusted vehicle was the direct and proximate cause of the injuries and damages to Plaintiff Taylor-McBride.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Taylor-McBride demands judgment against Defendant Mid South in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

## COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

19. Plaintiff Taylor-McBride re-asserts, re-alleges and incorporates by reference paragraphs 1 through 18 as if set out herein in full.

20. Plaintiff maintains that on or about September 9, 2015, Defendant Mid South, its agents, and/or employees negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee, Defendant Parker, who operated Defendant Mid South's vehicle in a negligent and/or wanton manner causing damages and injuries to Plaintiff Taylor-McBride.

21. The above-described negligent and/or wanton hiring, training, and supervising of Defendant Parker combined and concurred to directly and proximately cause injuries and damages to Plaintiff Taylor-McBride.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Taylor-McBride demands judgment against Defendant Mid South in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 in an amount to be determined by a jury plus costs of court.

/s/ Robert L. Gorham
Robert L. Gorham (ASB-0010-H66R)
Melissa C. Taylor (ASB-5881-M34C)
Attorneys for Plaintiff

**OF COUNSEL:**
**GORHAM & ASSOCIATES LLC**
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339 Office
(205) 943-9338 Facsimile
bgorham@gorhamandassociates.com
mtaylor@gorhamandassociates.com

## JURY DEMAND

Plaintiff demands trial by struck jury.

_____
Robert L. Gorham


**PLEASE SERVE DEFENDANTS
VIA CERTIFIED MAIL AS FOLLOWS:**

Arthur Parker, III
1624 Derry Avenue SW
Atlanta, GA 30310

Mid South Floor Systems, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104